UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DEAN NEICE,<br><br>Plaintiff,<br><br>v.<br><br>CHAPLAIN OF LERDO PRETRIAL, et al.<br><br>Defendants. | Case No. 1:26-cv-00309-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO PAY THE FILING FEE OR SUBMIT AN APPLICATION TO PROCEED *IN FORMA PAUPERIS*, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Plaintiff Robert Dean Neice is confined at the Lerdo Pre-Trial Detention Facility and is proceeding *pro se* in a civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1).

When Plaintiff filed this case on January 15, 2026, Plaintiff neither paid the filing fee for this action nor submitted an application to proceed *in forma pauperis* (IFP). The Court issued an order on January 16, 2026, giving Plaintiff forty-five days to either (1) submit a completed and signed IFP application or (2) pay the filing fee of $405. (ECF No. 3). The Court warned Plaintiff that "[f]ailure to comply with this order will result in dismissal of this action." (*Id.* at 1) (emphasis

1

omitted). The forty-five-day period has expired, and Plaintiff has failed to pay the filing fee, submit an IFP application, or otherwise respond to the Court's order.

Accordingly, the Court will recommend dismissal based on Plaintiff's failure to pay the filing fee or file an IFP application, failure to prosecute this case, and failure to comply with court orders.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to respond to the Court's order to pay the filing fee or file an IFP application. (ECF No. 3). Moreover, Plaintiff has filed nothing since initiating this case on January 15, 2026. This failure to respond is delaying the case and interfering with docket management, as the case cannot progress without the filing fee being paid or Plaintiff being permitted to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with court orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute

2

this action and has failed to comply with a court order, despite being warned of possible dismissal, there is little available to the Court besides dismissal which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, because the Court is recommending dismissal without prejudice, it has stopped short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, IT IS RECOMMENDED that:

1. This action be dismissed, without prejudice, based on Plaintiff's failure to pay the filing fee or file an *in forma pauperis* application, failure to prosecute this case, and failure to comply with court orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\
\\\

3

Moreover, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **March 19, 2026**                     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4